UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard A. Davidson,

    Plaintiff,

v.

Gisele Kidwell, et al.,

    Defendants.

Case No. 1:18-cv-00344

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 4). Proper notice has been given to the parties, including notice that they would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections. (Doc. 5). The Magistrate Judge provided a comprehensive review of the record in the R&R and the same will not be repeated herein.

Determinations made by a Magistrate Judge are subject to the review of the district court pursuant to 28 U.S.C. § 636(b)(1). With respect to dispositive matters, and when the Court receives timely objections to an R&R, the assigned "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Plaintiff objects to the Magistrate Judge's finding that diversity jurisdiction is lacking. "[D]iversity of citizenship is assessed at the time the action is filed." *Freeport-*

*McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Citizenship, for purposes of diversity jurisdiction, is determined by the state in which the person is domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "Most cases have uniformly held that incarceration does not change a prisoner's domicile for purposes of the diversity statute." *Tucker v. U.S. Bank, N.A.*, No. 1:13 CV 1260, 2014 WL 1224362, at *3 (N.D. Ohio Mar. 24, 2014).

The Magistrate Judge explained that Plaintiff is a prisoner at the Warren Correctional Institution ("WCI") in Lebanon, Ohio and determined he is an Ohio citizen based on the information he provided in his Complaint. (Doc. 4 at PageID 40, 43). In his objections, Plaintiff alleges that he is a citizen of Kentucky, he does not reside or have a residence in Ohio, and the WCI is an institution of slavery that does not constitute his residential dwelling for purposes of diversity jurisdiction. (Doc. 5 at PageID 46). Although Plaintiff now states that he is a citizen of Kentucky, he provides no other information or evidence to support his statement and does not argue that he is domiciled in Kentucky. *Id.* In his Complaint, he listed his address as in Ohio and did not explain or allege that his domicile is in Kentucky. (Doc. 3). The Court agrees with the Magistrate Judge that diversity jurisdiction is lacking.

Plaintiff then objects to the Magistrate Judge's finding that the Court is without federal question jurisdiction. (Doc. 4 at PageID 43). The Magistrate Judge explained that she was unable to discern, from the facts that Plaintiff alleged in his Complaint, any

2

federal statutory or constitutional provision that applies to give rise to an actionable claim by Plaintiff against the named Defendants. *Id.* To the extent, Plaintiff alleges that the named corporate Defendants permit child pornography on their respective websites and asserts that "federal law prohibits any form of media displaying child pornography" (Doc. 5 at PageID 47), he appears to suggest that those Defendants have violated federal criminal law. However, federal criminal statutes are not a basis for federal civil liability. *See e.g.*, *United States v. Oguaju*, 76 F. App'x. 579, 581 (6th Cir. 2003) (affirming district court's dismissal of claim pursuant to 18 U.S.C. §§ 241, 242, as defendant had no private right of action under those criminal statutes). Accordingly, the Court denies Plaintiff's request to amend his Complaint (Doc. 5 at PageID 47) and agrees that the Court is without federal question jurisdiction.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that his Complaint be dismissed with prejudice. (Doc. 4 at PageID 44). He argues that "[t]his is rash" whereas "[d]ismissal without prejudice is understanding and gives the plaintiff his day in court to properly address the unlawful acts of the defendants." (Doc. 5 at PageID 47). The Court disagrees, particularly in light of Plaintiff's failure to, once again, provide the Court with any evidence establishing jurisdiction.

In light of the above, and having conducted a de novo review, the Court overrules Plaintiff's objections (Doc. 5) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 4). Accordingly, Plaintiff's Complaint is hereby **DISMISSED with prejudice**. Furthermore, pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that, for the foregoing reasons, an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
JUDGE MICHAEL R. BARRETT